MATHEW LANTRY v. HENRY J. SAGE.

Submitted March 23, 1903—Decided June 8, 1903.

1. A mayor's approval of a search is not his approval of the amount to be paid for the search, which is required under the act of April 5th, 1902 (*Pamph. L.,* p. 344), in order to charge that amount against a person redeeming lands sold for taxes.
2. On final hearing it will be assumed that the prosecutor in *certiorari* has sufficient interest to give him a standing in court, unless his interest has been previously challenged.

On *certiorari.*

Before Justices DIXON, GARRISON and SWAYZE.

For the prosecutor, *Harrison H. Voorhees.*

For the defendant, *William H. Richards.*

The opinion of the court was delivered by

DIXON, J.  This writ is prosecuted to review a certificate signed by the mayor of Camden respecting a search against a lot of land in the city which had been sold for taxes under what is known as the Martin act. The matter is controlled by the supplements to that act approved April 5th, 1892 (*Pamph. L.,* p. 395), and April 3d, 1902 (*Pamph. L.,* p.

344). These statutes declare that a person desiring to redeem lands sold for taxes shall, in addition to other payments required, pay the costs and expenses, not exceeding $25 for each parcel, that are necessarily incurred by the purchaser at the tax sale in proceedings taken for the purpose of perfecting title, provided the mayor of the city shall approve of the amount to be paid to such purchaser.

In the case before us, the certificate of the mayor endorsed on the memoranda of search is as follows: "I, Joseph E. Nowrey, Mayor of the City of Camden, State of New Jersey, by virtue of authority under the statute, do hereby approve of the within search as set forth."

This, manifestly, is not the specific approval of *the amount* which the statute authorizes and requires.

But the defendant questions the right of the prosecutor to review the matter because his interest, it is claimed, is not shown. His interest, we think, is at this stage of the proceeding to be assumed, since no contrary suggestion was made before final hearing. Such was the deliberate judgment of the Court or Errors in *Avon* v. *Neptune City,* 28 *Vroom* 701. Although, in the opinion delivered by Chief Justice Beasley in *West Jersey Traction Company* v. *Camden,* 29 *Id.* 362, there is expressed some disapproval of that rule, the expression is merely *obiter,* for not only was the proof there lacking necessary to show the illegality of the action under review, but the *status* of the prosecutor was expressly challenged by the defendant while the evidence in the case was being produced. We regard the rule laid down in Avon *v.* Neptune City as being still in force.

But the case now presented shows affirmatively the interest of the prosecutor. One of the witnesses, being asked "Who has the legal title to this property now?" answered, "Mathew Langtry, by deed from Binder, Beiderbeck & Schmidhauser." No objection was made to either question or answer and cross-examination was waived. This should be deemed an acquiescence in the legality of the testimony.

The order of the mayor is annulled, with costs.